IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAYDEN SMITH and JAMES D. MEADOWS, On Behalf of Themselves and All Others Similarly Situated, <br><br> *Plaintiffs*, <br> v. <br><br> STRATEGIC HOSPITALITY, LLC, STRATEGIC HOSPITALITY INVESTMENT FUND, LLC, STRATEGIC HOSPITALITY INVESTMENT FUND MANAGER, LLC, and RESTAURANT CONCEPTS, LLC, d/b/a DOWNTOWN SPORTING CLUB <br><br> *Defendants*. | COLLECTIVE ACTION <br><br> CASE NO. _____ <br><br> JUDGE _____ <br><br> JURY DEMAND |

**COLLECTIVE ACTION COMPLAINT**

1. Plaintiffs Hayden Smith and James D. Meadows ("Plaintiffs") bring this action against Defendants Strategic Hospitality, LLC, Strategic Hospitality Investment Fund, LLC, Strategic Hospitality Investment Fund Manager, LLC, and Restaurant Concepts, LLC, d/b/a Downtown Sporting Club ("Defendants") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert these FLSA claims as a collective action on behalf of themselves and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendants own and operate Downtown Sporting Club, a café, bar, and restaurant, where they employ dozens of servers and bartenders who are paid a tipped hourly rate lower than the minimum wage of $7.25 per hour. Plaintiffs assert that Defendants improperly paid this lower tipped hourly rate to servers and bartenders by impermissibly allowing non-

1

tipped employees to participate in a tip pooling arrangement and by requiring these employees to spend more than 20% of each shift performing non-tip-producing work tasks at the lower tipped hourly rate.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A. Plaintiffs**

5. Plaintiff Hayden Smith is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Smith was employed by Defendants as a server at Downtown Sporting Club from approximately May to September 2019.

6. Plaintiff James D. Meadows is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Meadows was employed by Defendants as a bartender at Downtown Sporting Club from approximately May to November 2019.

**B. Defendants**

7. Defendants are all Tennessee limited liability companies doing business within this judicial district. Specifically, Defendants own and operate restaurants and bars in Nashville, Tennessee and are all headquartered at 2305 12th Avenue South, Nashville, Tennessee 37204-2430.

8. Defendants employ individuals who are engaged in interstate commerce and/or in

2

Case 3:20-cv-00023   Document 1   Filed 01/09/20   Page 2 of 9 PageID #: 2

the production of goods for interstate commerce.

9. Defendants have at all relevant times been employers within the meaning of the FLSA.

### III. FACTS

10. Plaintiffs and those they seek to represent in this action were employed as servers and bartenders for Defendants' café, restaurant, and bar, Downtown Sporting Club.

11. Defendants paid Plaintiffs and other servers and bartenders at Downtown Sporting Club an hourly wage below $7.25. For example, Defendants paid Plaintiffs $2.13 per hour.

12. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Defendants purported to utilize a "tip credit" for each hour worked by Plaintiffs and other servers and bartenders at Downtown Sporting Club. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Plaintiffs was $5.12 for each hour worked.

13. Plaintiffs and other servers and bartenders are required to participate in a tip pool, in which their tips were shared with other employees who do not receive tips directly from, or interact with, customers, including barbacks.

14. Defendants' barbacks at Downtown Sporting Club do not receive tips directly from customers because they do not interact with customers. Instead, barbacks' responsibility is to ensure the bars remain stocked with spirits, beer, and other beverages.

15. Defendants require Plaintiffs and other servers and bartenders to spend more than 20% of their time performing non-tip-producing work tasks while being paid the lower tipped hourly rate. Such non-tip-producing work included, but was not limited to, participating in a pre-shift meeting, polishing glassware and silverware, filling water bottles, folding linens and place settings, removing and washing dirty linens, taking out the trash, polishing fixtures, breaking

3

down the beverage station, burning ice, setting up and breaking down the frozen beverage machines, breaking down bar wells, cleaning bar wells, taking out bus tubs, stocking beer, stocking the "to-go" station, emptying juices, sweeping and mopping floors, washing dishes, and vacuuming.

16. Defendants require Plaintiffs and other servers and bartenders to perform these and other non-tip-producing work tasks at the beginning of their shifts prior to beginning their tip-producing tasks, throughout their shifts, and at the end of their shifts after finishing their tip-producing tasks.

## IV. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former servers and bartenders employed by Defendants' Downtown Sporting Club location at any time since January 9, 2017.

18. Plaintiffs' claims should proceed as a collective action because Plaintiffs and other similarly situated servers and bartenders, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

21. Plaintiffs and similarly situated servers and bartenders are employees of

4

Defendants entitled to the FLSA's protections.

22. Defendants are employers covered by the FLSA.

23. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

24. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

25. Restaurants forfeit the tip credit when they require their tipped employees—such as Downtown Sporting Club's servers and bartenders—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Downtown Sporting Club's barbacks—whose direct customer interaction is minimal.

26. By requiring Plaintiffs and similarly situated servers and bartenders to share tips with barbacks, Defendants have forfeited their right to utilize the "tip credit" in satisfying their minimum wage obligations to Plaintiffs and similarly situated servers and bartenders. As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers and bartenders an hourly wage below $7.25 for regular hours worked.

27. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Downtown Sporting Club's servers and bartenders—spend more than 20% of their shift performing non-tip-producing work.

28. By requiring Plaintiffs and similarly situated servers and bartenders to spend more than 20% of their shift performing non-tip-producing work, Defendants have forfeited their right to utilize the "tip credit" in satisfying their minimum wage obligations to Plaintiffs and similarly situated servers and bartenders. As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiffs and similarly situated servers and bartenders an hourly wage below $7.25 for regular hours worked.

29. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

32. Plaintiffs and similarly situated servers and bartenders are employees Defendants entitled to the FLSA's protections.

33. Defendants are employers covered by the FLSA.

34. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

35. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate so long as employees receive proper notice of the tip credit and receive $10.88 per hour—*i.e.*, one and one-half times the full $7.25 per hour statutory minimum wage for every hour worked. *See* 29 U.S.C. § 203(m).

36. Defendants pay Plaintiffs and similarly situated servers and bartenders a tipped

hourly rate and Defendants rely on the tips Plaintiffs and similarly situated servers and bartenders receive to meet the overtime requirements pursuant to the tip credit provision of the FLSA.

37. Plaintiffs and similarly situated servers and bartenders employed by Defendants have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

38. However, as explained above, employers forfeit the right to rely on the tip credit to satisfy the overtime requirements of the FLSA when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

39. Restaurants forfeit the tip credit when they require their tipped employees—such as Downtown Sporting Club's servers and bartenders—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Downtown Sporting Club's barbacks—whose direct customer interaction is minimal.

40. By requiring Plaintiffs and similarly situated servers and bartenders to share tips with barbacks, Defendants have forfeited their right to utilize the "tip credit" in satisfying their overtime wage obligations to Plaintiffs and similarly situated servers and bartenders. As such, Defendants have violated the FLSA's overtime wage mandate by paying Plaintiffs and the similarly situated servers and bartenders an hourly wage below $10.88 for overtime hours worked.

41. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when

their tipped employees—such as Downtown Sporting Club's servers and bartenders—spend more than 20% of their shifts performing non-tip-producing work.

42. By requiring Plaintiffs and similarly situated servers and bartenders to spend more than 20% of their shifts performing non-tip-producing work, Defendants have forfeited their right to utilize the "tip credit" in satisfying their overtime wage obligations to Plaintiffs and similarly situated servers and bartenders. As such, Defendants have violated the FLSA's overtime wage mandate by paying Plaintiffs and similarly situated servers and bartenders an hourly wage below $10.88 for overtime hours worked.

43. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: January 9, 2020

Respectfully submitted,

/s/ Joshua A. Frank
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
PHILIPS PLAZA
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
jfrank@barrettjohnston.com

*Attorney for Plaintiffs*