IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAYDEN SMITH and JAMES D. MEADOWS, On Behalf of Themselves and All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> RESTAURANT CONCEPTS, LLC, LE SEL, LLC, 401 FOOD, LLC, AND PINEWOOD SOCIAL, LLC. <br><br> *Defendants*. | COLLECTIVE ACTION <br><br> CASE NO. 3:20-cv-00023 <br><br> JUDGE RICHARDSON <br><br> MAGISTRATE JUDGE NEWBERN <br><br> JURY DEMAND |

**PLAINTIFFS' MOTION FOR APPROVAL OF MODIFIED
ALLOCATION OF SETTLEMENT FUNDS[1]**

On September 2, 2020, through mediation, the Parties reached a settlement in principle to resolve this Fair Labor Standards Act ("FLSA") collective action litigation, subject to Court approval. On October 2, 2020, Plaintiffs moved this Court for approval of the Parties' settlement agreement, which was submitted along with Plaintiffs' Motion. (Doc. Nos. 99 and 99-1). Pursuant to the Parties' Agreement, Defendants did not oppose said Motion.

In the course of this litigation, Defendants agreed to produce all pay and time data for all Plaintiffs and Opt-In Plaintiffs who joined this action to assert their FLSA claims for the time period covered by the statute of limitations for such claims (*i.e.*, three years prior to the filing of their claims). Defendants made such production several weeks prior to the Parties' September 2, 2020 mediation. This production allowed Plaintiffs to estimate their potential damages recovery in this action, both collectively and individually, and served as a basis for the allocation of the

---

[1] In accordance with Local Rule 7.01(2), because this Motion does not require the resolution of an issue of law, Plaintiffs have not submitted a Memorandum in Support of their requested relief.

1

settlement proceeds to be paid to Plaintiffs and Opt-In Plaintiffs for their wage and liquidated damages recovery.

After the filing of their Motion for settlement approval (Doc. No. 99), on or about October 20, 2020, Plaintiffs learned that the pay and time data produced for one Opt-In Plaintiff in this action was incomplete. Specifically, Plaintiffs' counsel learned that Defendants had failed to produce all of the pay and time records for Opt-In Plaintiff Byron Saunders. Defendants produced pay and time records for Opt-In Plaintiff Saunders' time worked at two of their restaurants, Le Sel and Pinewood Social, but did not produce the pay and time records for the time Opt-In Plaintiff Saunders worked for Defendants at their restaurant and bar known as Downtown Sporting Club.

Plaintiffs' counsel addressed this discrepancy with Defendants' counsel expeditiously. Defendants have acknowledged this inadvertent error in the discovery production and then promptly produced Opt-In Plaintiff Saunders' complete pay and time records for his tenure at Downtown Sporting Club. Plaintiffs' counsel have confirmed this with Opt-In Plaintiff Saunders. Counsel to the Parties also worked cooperatively to confirm that this was the only discovery production error.

Armed with Opt-In Plaintiff Saunders' complete pay and time data, Plaintiffs' counsel have re-allocated the settlement funds that the Parties agreed would be paid to resolve the claims for wages and liquidated damaged brought by Plaintiffs and Opt-In Plaintiffs. Given that there are two hundred sixty-one (261) Plaintiffs and Opt-In Plaintiffs in this FLSA collective action, the re-allocation only minimally impacts the total recovery for any individual Plaintiff. Indeed, the average reduction for the other Opt-In Plaintiffs is less than $10.00 each to account for Opt-In Plaintiff Saunders' claim based on his correct pay and time records. However, the re-allocation

significantly impacts the recovery for Opt-In Plaintiff Saunders, increasing his recovery from $25.00 to $2,606.23.

The Parties Settlement Agreement includes a provision that contemplates modifications to the agreement, if such modification is agreed to in writing by the Parties. (Doc. No. 99-1 at 6). Accordingly, the Parties have executed such a Modified Agreement, which is attached to this Motion as Exhibit 1.

For these reasons, Plaintiffs respectfully request that the Court approve this modified allocation of settlement funds as a part of its approval of the Parties' proposed settlement of this FLSA collective action. To the extent any other issues arise that merit a modification of the Parties' Settlement Agreement, Plaintiffs will notify the Court expeditiously. However, after consulting with Defendants' counsel and Plaintiff, undersigned counsel does not anticipate the need for any other modification of the agreement.

Respectfully submitted,    Dated: October 23, 2020

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Plaintiffs' Motion for Approval of Modified Allocation of Settlement Funds* was filed electronically with the Clerk's office by using the CM/ECF system and served via the Court's ECF system on the following counsel for Defendants on October 23, 2020:

Andrew S. Naylor
Aron Z. Karabel
Casey M. Duhart
Waller Lansden Dortch & Davis, LLP
511 Union St., Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Andy.Naylor@wallerlaw.com
Aron.Karabel@wallerlaw.com
Casey.Duhart@wallerlaw.com

J. Scott Hickman
Sherrard Roe Voigt & Harbison
150 3rd Ave. S, #1100
Nashville, TN 37201
Telephone: (615) 742-4561
Facsimile: (615) 742-4539
shickman@srvhlaw.com

*Attorneys for Defendants*

      /s/ David W. Garrison
      DAVID W. GARRISON
      **BARRETT JOHNSTON**
          **MARTIN & GARRISON, LLC**

4

Case 3:20-cv-00023   Document 103   Filed 10/23/20   Page 4 of 4 PageID #: 727